IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LINDSAY NASH,<br>         Plaintiff,<br><br>         v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>         Defendant. | 23 Civ. 6994 |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**INTRODUCTION**

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the immediate release of Defendant U.S. Immigration and Customs Enforcement ("ICE") records related to the issuance of administrative subpoenas. These subpoenas—which are issued by ICE employees—are the mechanisms through which ICE demands the production of records and information that it uses to arrest, prosecute, and deport noncitizens.

2.      It is important for the public to understand the procedures and standards that guide and perhaps constrain ICE's use of its subpoena power, particularly given some of the questionable uses of this authority in recent years. For example, ICE recently used these subpoenas as part of a seemingly politically-motivated public campaign targeting so-called "sanctuary" jurisdictions, i.e., cities and states that have prohibited the use of state and local resources to facilitate federal immigration enforcement.[1] Similarly, ICE has attempted to use these subpoenas to force journalists

---

[1] *See, e.g.*, Jim Mustian, *ICE Ups Ante in Standoff With NYC: 'This is Not a Request,'* NBC News (Jan. 18, 2020), https://www.nbcnewyork.com/news/local/ice-ups-ante-in-standoff-with-nyc-this-is-not-a-request/2261924/; Stef. W. Wright, *Trump has declared war on sanctuary cities*, Axios (Feb. 19, 2020), https://www.axios.com/2020/02/19/trump-immigration-lawsuit-subpoena-sanctuary-cities.

to reveal their sources and apparently, as the former acting director of ICE saw it, to "intimidate the press."[2]

3.  Yet, despite these high-profile incidents, important information about the procedures that ICE follows when issuing these subpoenas, any internal constraints on its use of these subpoenas, and even its methods for recordkeeping related to these subpoenas remain obscured from public view.  As a result, the public—and even the parties directly affected by these subpoenas—are denied opportunities to meaningfully engage in debate on the important legal, political, and social issues at stake.

4.  To bring this information to light, Plaintiff—who engages in research and public education on issues of immigration enforcement—submitted a FOIA request to ICE that sought certain information about ICE's standards for issuing and tracking the use of these subpoenas.

5.  Plaintiff submitted her request on December 7, 2022.  However, more than 240 days later, ICE has not produced any records or other substantive responses to the request, in violation of its obligations under FOIA.

6.  Accordingly, Plaintiff asks this Court to order ICE to locate and release all records responsive to the request.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction pursuant to 5 U.S.C. § 552, 28 U.S.C. § 1331, and 28 U.S.C. §§ 2201–02.

8.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiff's principal place of business is in this district.

9.  Because ICE failed to comply with the applicable time limitations in responding to Plaintiff's

---

[2] Hamed Aleaziz, *The Trump Administration Is Trying To Force BuzzFeed News To Divulge Its Sources With A Subpoena*, BUZZFEED NEWS (Dec. 4, 2020), https://www.buzzfeednews.com/article/hamedaleaziz/ice-subpoena-buzzfeed-immigration-sources.

FOIA request, Plaintiff is deemed to have exhausted her administrative remedies in connection with the request.  5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

10.     Plaintiff Lindsay Nash is an associate professor of law and co-director of the Kathryn O. Greenberg Immigration Justice Clinic at the Benjamin N. Cardozo School of Law.  Her principal place of business is 55 Fifth Avenue, New York, NY 10003.  Plaintiff conducts research and engages in academic and popular writing about, *inter alia*, immigration enforcement.  Her work on this topic includes her recently published article *Deportation Arrest Warrants*, 73 STAN. L. REV. 433 (2021), and her forthcoming article *Inventing Deportation Arrests*, 121 MICH. L. REV. ____ (2023), which are or soon will be available to the public online at no charge.  Plaintiff also teaches, conducts trainings, participates in panels, and speaks with the media about immigration-related topics, including immigration enforcement.

11.     Defendant ICE is a subcomponent of the Department of Homeland Security and an agency within the meaning of 5 U.S.C. § 552(f)(l).  ICE is responsible for civil immigration enforcement in the interior of the United States.  As part of this work, ICE issues administrative subpoenas to demand the production of records and other information.  Upon information and belief, ICE has the records requested by Plaintiff in its possession, custody, and control.

## FACTS

### ICE-Issued Subpoenas

12.     The Immigration and Nationality Act provides immigration officers the "power to require by subpoena . . . the production of books, papers, and documents relating to the privilege of any person to enter, reenter, reside in, or pass through the United States" or relating to any matter that is material and relates to the administration of civil immigration enforcement.  8 U.S.C. § 1225(d)(4)(A).  It further permits these officers to, if necessary, file actions to enforce these

subpoenas in district court. 8 U.S.C. § 1225(d)(4).

13. Although ICE has long held the power to issue administrative subpoenas, there is surprisingly little information about its subpoena-issuing practices in the public domain. While many administrative enforcement agencies make information about their procedures associated with issuing administrative subpoenas available to the public, ICE has declined to provide the public almost any information in that respect. The dearth of public information is particularly pronounced in the context of subpoenas issued by ICE's subcomponent focused on civil immigration enforcement—Enforcement and Removal Operations—which has declined to use the agency's automated system for tracking the issuance and use of these subpoenas and has also chosen not to publish any information about whether or how it tracks its officers' use of these subpoenas.

14. ICE's administrative subpoena practices in recent years have made the need for information about its subpoena standards and constraints especially acute. As noted, ICE has recently used these subpoenas as part of seemingly politically-motivated—and legally questionable—efforts to target "sanctuary" jurisdictions and journalists. Other media reports examining ICE's use of subpoena-like "summonses" authorized for customs enforcement have raised similar concerns that ICE may be misusing its authority to issue compulsory process.[3] And while the backlash to ICE's use of subpoenas against journalists prompted the agency to adopt and publish guidance constraining the use of administrative subpoenas in that particular context,[4] the public remains in the dark about ICE's subpoena-issuing practices in almost every other respect.

15. Because the public lacks basic information about the standards that govern ICE's issuance of administrative subpoenas, it cannot fully understand how this powerful instrument is used for civil

---

[3] Samah Assad, Megan Hickey, *ICE is demanding data from Illinois abortion clinics, restaurants, schools and more using obscure legal tool*, CBS NEWS CHICAGO (May 18, 2023), https://www.cbsnews.com/chicago/news/ice-data-abortion-clinics-restaurants-schools/.
[4] ICE, ICE Directive 10093.1: Use of Compulsory Investigative Tools to Obtain Information or Records Related to the Journalistic Activities of Members of the News Media, June 13, 2022, https://www.ice.gov/doclib/news/releases/2022/10093.1.pdf.

immigration enforcement or the constraints—if any—that limit its use. This information deficit is compounded by the fact that the public also lacks basic information about ICE's system for tracking the use of these subpoenas in the civil immigration realm, which impedes efforts to use sunshine laws and other transparency tools to shed light on the agency's subpoena regime. All of this, in turn, denies the public and policymakers a meaningful opportunity to engage in debate about ICE's subpoena policies and practices and, relatedly, the relationship between federal immigration enforcement, other administrative subpoena schemes, state and local sovereignty, and privacy.

**Plaintiff's FOIA Request**

16. On December 7, 2022, Plaintiff submitted to ICE the FOIA request at issue in the instant complaint. Ex. A (Dec. 7, 2022 FOIA Request).[5]

17. This request sought records related to administrative subpoenas issued by ICE employees. Specifically, it requested records reflecting:

> A. Guidance regarding the standards, procedures, and requirements that govern ICE's issuance of administrative subpoenas and that impose any limitations on ICE employees' issuance of administrative subpoenas.
>
> B. Guidance regarding any requirements and standards that ICE officers must follow in recording the issuance of these subpoenas and any responses to these subpoenas.

Ex. A at 1–2.

18. Together with the request, Plaintiff sought expedited processing and a waiver of all fees associated with the request. *Id.* at 2–4.

19. On December 9, 2022, ICE acknowledged Plaintiff's request. Ex. D (ICE

---

[5] Plaintiff submitted her December 7, 2022, request through ICE's online SecureRelease Portal (pasting the text of her request into the portal). Ex. B (SecureRelease Portal Page) at 1–5. She submitted this same request to ICE via email, requesting that ICE associate the letter describing her request with the request in the online portal. Ex. C (Dec. 7, 2022 Email to ICE).

Acknowledgement Letter) at 1–2.  ICE placed this request on the "simple" processing track.  Ex. B (SecureRelease Portal Page) at 6.  A request is placed on the simple track "based on the low volume and/or simplicity of the records requested."[6]

20. ICE also invoked the ten-day extension for responding to FOIA requests authorized by 6 C.F.R. § 5.5(c).  *See* Ex. D at 1–2.

21. ICE has not responded to Plaintiff's request for expedited processing, and, while ICE indicated that it intends to charge Plaintiff certain fees associated with the request, *id*. at 3, it did not address Plaintiff's request for a full fee waiver.

22. Even without expediting the request and even assuming that ICE was entitled to invoke the ten-day extension it claimed, ICE was statutorily required to respond to Plaintiff's FOIA request within thirty business days, *i.e.*, by January 23, 2023.  *See* 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B).  However, as of today, almost seven months past that deadline, ICE has failed to provide any records in response to Plaintiff's request.

## CAUSES OF ACTION

### COUNT ONE
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Timely Respond

23. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

24. Pursuant to 5 U.S.C. § 552(a)(6), ICE was obligated to promptly produce records responsive to Plaintiff's FOIA request.

25. Plaintiff submitted the FOIA request at issue in this complaint on December 7, 2022.  ICE failed to issue a response, including a determination of whether to comply with the request and the reasons therefore, in the time provided under 5 U.S.C. § 552(a)(6)(A)(i) (twenty days, excluding

---

[6] DEPARTMENT OF HOMELAND SECURITY, 2022 CHIEF FREEDOM OF INFORMATION ACT OFFICER REPORT at 26, 47 (2022), https://www.dhs.gov/sites/default/files/2022-03/22_0314_privacy_2022_dhs_chief_foia_officer_report_508.pdf.

6

Saturdays, Sundays, and legal public holidays) or within the time permitted in certain unusual circumstances pursuant to 5 U.S.C. § 552(a)(6)(B) and 6 C.F.R. § 5.5(c) (ten additional working days).

26.     ICE's failure to disclose all responsive records within the statutory time period therefore violates, at a minimum, 5 U.S.C. § 552(a)(6)(A) and (B) and the corresponding regulations.

## COUNT TWO
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct an Adequate Search and to Disclose Responsive Records

27.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

28.     Under 5 U.S.C. § 552(a)(3), ICE is obligated to conduct a reasonable search for records responsive to Plaintiff's FOIA request and to promptly produce those records to Plaintiff.

29.     ICE does not appear to have conducted an adequate search for records responsive to Plaintiff's FOIA request. ICE has not produced any records responsive to Plaintiff's FOIA request. Plaintiff has a legal right to obtain such records and no basis exists for ICE's failure to search for them.

30.     ICE's failure to conduct a reasonable search and to disclose all records responsive to Plaintiff's FOIA request violates, at a minimum, 5 U.S.C. § 552(a)(3)(C), as well as the corresponding regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      Assume jurisdiction over this action;

2.      Declare that ICE's failure to make a determination regarding Plaintiff's FOIA request within the statutory time frame, failure to conduct an adequate search for the records requested by Plaintiff, and failure to disclose the records requested by Plaintiff is unlawful;

3.      Order ICE to make a full, adequate, and expeditious search for the requested records;

4. Order ICE to expeditiously process and disclose all responsive, nonexempt records, and enjoin ICE from improperly withholding the requested records;

5. Award Plaintiff costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, and any other applicable statute or regulation; and

6. Grant such further relief as the Court deems just, equitable, and appropriate.

Dated: August 8, 2023

*/s/ Lindsay Nash*
Lindsay Nash
Kathryn O. Greenberg Immigration Justice Clinic
Benjamin N. Cardozo School of Law
55 Fifth Avenue, Rm. 1108
New York, NY 10003
646-592-6538
lindsay.nash@yu.edu